## *1978 Ky. AG LEXIS 492*

Office of the Attorney General of the State of Kentucky

### *KY Attorney General Opinions*

**Reporter**
1978 Ky. AG LEXIS 492 *

## OAG 78-224

April 7, 1978

## Core Terms

arrest, peace officer, misdemeanor, custody, reasonable ground, traffic violation, issue a citation, make an arrest, frame

**Request By:  [*1]**

Mr. Gilmore Phelps

Pulaski County Sheriff

Courthouse

Somerset, Kentucky 42501

**Opinion By:** Robert F. Stephens, Attorney General; By: Charles W. Runyan, Assistant Deputy Attorney General

## Opinion

In reference to traffic  violations, you ask whether your office is entitled to the arrest  fee of $7.00 where your deputy makes a physical arrest  and then cites the subject to court.  *KRS 431.015* reads:

"(1) A peace officer  may issue a citation instead of making an arrest  for a misdemeanor  committed in his presence, if there are reasonable grounds  to believe that the person being cited will appear to answer the charge. The citation shall provide that the defendant shall appear within a designated time.

"(2) If the defendant fails to appear in response to the citation, or if there are reasonable grounds  to believe that he will not appear, a complaint may be made before a judge and a warrant shall issue."

The sheriff can collect the arrest  fee only where he, or a deputy,  arrests  the defendant and takes him to the appropriate judge for bail and further processing.  Where the arrest  is only for a short period and is followed by issuing a citation, the arrest  fee cannot be earned.  The case in the situation  **[*2]**  you mentioned is framed  around the citation.  *KRS 64.090*, providing the "arrest  fee", is framed  around a "physical arrest"  and taking defendant into custody  and before the court.  *KRS 431.015* was designed to eliminate arrests  in mere traffic  violations and other minor misdemeanors.  Suppose a person is merely speeding and then is arrested.  The citizens of our state do not favor such arrests.  A citation is sufficient, and that is precisely why the General Assembly passed that law [*KRS 431.015*].  I am sure you would not want to make an arrest  just because you wanted the fee.  If you did, you

**Ex. A**

would be violating the public policy established by the citation statute.  Of course a citation is not a court process.  It is only issued by the peace officer  who gives it.  *Duncan v. Brothers, Ky., 344 S.W.2d 398 (1961)*. If the defendant who is given a citation does not respond to the court, the court can then issue a warrant of arrest.  As Mr. Murrell in his "Kentucky Criminal Practice", § 3.08, points out, neither the statute nor the case law have established guidelines by which the peace officer  must determine whether to issue a citation or take the defendant into custody.  Thus the peace **[*3]** officer  should exercise his sound judgment in each case as to whether the misdemeanant will probably respond to the citation or whether a physical arrest  and taking into custody  is necessary.

We suggest that the sheriffs should go to the legislature and ask them to amend *KRS 64.090* so as to provide the $7.00 fee when either an arrest  is made or a citation is given in connection with a misdemeanor.

**Load Date:** 2014-07-03

KY Attorney General Opinions

**End of Document**

Wes Sullenger

**Ex. A**